UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NexGen HBM, Inc., and Home Buyers Marketing, Inc.<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ListReports, Inc., a California corporation, Ajay Shah, Randy Shiozaki, and Esther Yang,<br><br>　　　　　　　Defendants. | Court File No. 16-CV-03143-SRN-FLN<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS LISTREPORTS, INC., AJAY SHAH AND RANDY SHIOZAKI'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING** |

## INTRODUCTION

Plaintiffs NexGen HBM, Inc., and Home Buyers Marketing, Inc. ("Plaintiff HBM") submit this memorandum in opposition to Defendants ListReports, Inc., Ajay Shah and Randy Shiozaki's ("Defendants") motion for extension of time to file a responsive pleading.[1]  The requested duration of the extension – fifty-two (52) days from the date of service upon Defendant ListReports, Inc. – is unnecessary, unreasonable, and intended to further delay and prejudice Plaintiffs.  Defendants have failed to put forth any legitimate justification or good cause requiring such a lengthy extension.  Accordingly, Defendants request should be denied and a reasonable bilateral schedule issued.

---

[1] Plaintiffs have been advised that service of process was completed on the remaining individual Defendant Esther Yang on October 25, 2016.  Proof of service will be filed upon receipt.

7922817v1

## BACKGROUND

Plaintiff HBM commenced the present lawsuit within days of learning Defendants' actions – previously quarantined to prior longstanding HBM customer Prospect Mortgage – had expanded and spread to include: i) the solicitation of HBM customer Skyline Home Loans; ii) false representations to HBM customers concerning Defendants' knock-off "Nest.Me" product; iii) false and disparaging statements about HBM products; and iv) becoming a co-sponsor with HBM at a major industry trade show planned for October 4-7. In order to protect its rights, HBM also filed an emergency motion for expedited discovery in support of a preliminary injunction (contemporaneous with the filing of the complaint).

Defendant ListReports, Inc. was served with the complaint on September 29, 2016. Defendants ListReports, Inc., Shah and Shiazoki were provided a courtesy copy of the emergency motion for expedited discovery on September 30, 2016. Defendant ListReports, Inc. retained able counsel at Faegre Benson Baker Daniels at least as early as October 4, 2016. Defendants first requested an extension to respond on October 17.

Plaintiff HBM was amenable to an extension of up to seven (7) days, but advised the requested due date of November 21, 2016 was understandably too far out in light of Plaintiffs' need for injunctive relief. In response, Defendants offered to reduce the duration of the requested extension to November 14, 2016. Plaintiff HBM remained amenable to an extension, including more than seven (7) days if needed to accommodate a specific schedule conflict, but remained opposed to the length of the requested delay. In response, Defendants filed the present motion.

## ARGUMENT

Federal Rule of Civil Procedure 6(b)(1) provides that "the court may, for good cause, extend the time" to answer or respond upon motion. In the present case, Defendants have failed to put forth any legitimate reason, let alone establish "good cause", for requiring such a lengthy extension of time to answer or otherwise respond. Defendants' purported reasons include: i) "Plaintiffs' Complaint is complex, raising thirteen (13) counts"; and ii) "[T]he complaint also raises significant questions regarding personal jurisdiction. . ." (Dkt. 22, p.2).

Faegre Baker Daniels is able and sophisticated counsel with no less than "750 corporate, litigation and regulatory professionals collaborat[ing] across [its] 14 locations in the United States, U.K. and China. . ." (*See* http://www.faegrebd.com). A thirteen (13) count complaint is not vexing to Faegre and does not require fifty-two (52) days to respond (Well over twice the time afforded under Rule 12.)

Further, Defendants' signaled intent to challenge personal jurisdiction portends further delay. Personal jurisdictional is an issue which will need to be addressed prior to Plaintiff HBM's entitlement to injunctive relief. *Land–O–Nod v. Bassett Furniture,* 708 F.2d 1338, 1340 (8th Cir.1983) ("A court must have jurisdiction as a prerequisite to the exercise of discretion"). Personal jurisdiction questions may also require limited pre-Rule 26 discovery. Accordingly, an extension until November 21, 2016 threatens further delay and resulting irreparable harm to Plaintiff HBM.

To expeditiously move this matter forward, Plaintiff HBM requests that the Court and the parties agree on a schedule for: 1) expedited discovery and briefing on Plaintiff

HBM's motion for preliminary injunction; as well as 2) Defendants' answer and/or briefing on any personal jurisdiction challenge by Defendants.

## CONCLUSION

For the reasons outlined above, and to allow this matter to move forward without further or unnecessary delay, Plaintiff HBM respectfully requests that Defendants' motion for a lengthy extension until November 21, 2016 be denied.  In the alternative Plaintiff HBM requests that the Court issue a schedule governing: 1) expedited discovery and briefing on Plaintiff HBM's motion for preliminary injunction; and 2) Defendants' answer and/or briefing on any personal jurisdiction challenge.

Dated:  October 26, 2016                                **BRIGGS AND MORGAN, P.A.**


By:  s/Michael M. Lafeber
    Michael M. Lafeber (#0242871)
    Scott M. Flaherty (#388354)
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402-2157
(612) 977-8400

**ATTORNEYS FOR PLAINTIFFS**

7922817v1